# EXHIBIT 8

EFiled: Nov 01 2013 11:28AM EDT
Transaction ID 54480957
Case No. 8144-VCP

Filed: Jul 24 2013 04:33PM EDT
Transaction ID 53518293
Case No. 8144-VCP

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE EPOCH HOLDING CORPORATION )    Consolidated
STOCKHOLDER LITIGATION )    C.A. No. 8144-VCP

### ORDER AND FINAL JUDGMENT

The Stipulation and Agreement of Compromise, Settlement and Release, dated July 23, 2013 (the "Stipulation"), of the above consolidated class action (the "Action"), and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on _November 1, 2013_ pursuant to the Scheduling Order entered herein on _August 12, 2013_ (the "Scheduling Order"), which Stipulation was entered into by plaintiffs in the Action (the "Plaintiffs"), through Plaintiffs' Counsel and by defendants Epoch Holding Corporation ("Epoch" or the "Company"), William W. Priest, Timothy T. Taussig, Allan R. Tessler, Enrique R. Arzac, Jeffrey L. Berenson, John L. Cecil, Peter A. Flaherty (the "Individual Defendants" and collectively with Epoch, the "Epoch Defendants"), and The Toronto-Dominion Bank and Empire Merger Sub, Inc. (together "TD" and collectively with the Epoch Defendants, the "Defendants", and together with Plaintiffs, the "Parties") in the Action and which is incorporated herein by reference; and the Court of Chancery of the State of Delaware (the "Court") having determined that notice of said hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as

provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this _____ day of _____, 2013, as follows:

1.      Unless otherwise defined herein, all defined terms shall have the meanings set forth in the Stipulation.

2.      The Notice of Pendency of Class Action, Proposed Settlement And Settlement Hearing ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Action, the Class and persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Delaware Court of Chancery Rule 23 and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

3.      The Court hereby finds, pursuant to Delaware Court of Chancery Rule 23, as follows:

        a.      that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, and (iv) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Class;

        b.      that the requirements of Delaware Court of Chancery Rule 23 have been satisfied;

2

c.      that the requirements of the Delaware Court of Chancery Rules and due process have been satisfied in connection with the Notice;

d.      that the Action is hereby certified as a non-opt out class pursuant to Delaware Court of Chancery Rules 23(a), and 23(b)(1) and (b)(2), defined as any and all record and beneficial holders of Epoch common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held shares of Epoch common stock (excluding defendants named in the Actions and their immediate family members, any entity controlled by any of the defendants, and any successors in interest thereto) at any time between and including December 5, 2012 and March 27, 2013 (the "Class"); and

e.      that Plaintiffs are hereby certified as the Class representatives, and Co-Lead and Co-Liaison Counsel were designated as such in the Order of Consolidation and Appointment of Co-Lead Co-Liaison Counsel which the Court granted on January 3, 2013.

4.      The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved.  The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Register in Chancery is directed to enter and docket this Order and Final Judgment in the Action.

5.    This Order and Final Judgment shall not constitute any evidence or admission by any of the Parties herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

6.    The Action is hereby dismissed with prejudice in its entirety as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

7.    Plaintiffs have given, and all other members of the Class shall be deemed to have given by operation of this Order and Final Judgment, a full and complete discharge, dismissal with prejudice on the merits, settlement and release of, and are hereby enjoined from asserting any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants,

accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns (the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, as well as the Goldman Action and the Wilks Action, the complaints, the Merger Agreement, and other transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (the "Settled Claims"); provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to 8 *Del. C.* § 262, or claims to enforce the Settlement.

8.      The release contemplated by this Order extends to claims that Plaintiffs or any member of the Class do not know or suspect to exist in his, her or its favor at the time of the release of the Settled Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement or to object or not to object to the Settlement ("Unknown Claims"). Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Released Persons in

entering into the Settlement.  Plaintiffs and each member of the Class, shall be deemed to

waive, and shall waive and relinquish to the fullest extent permitted by law, any and all

provisions, rights and benefits conferred by any law of the United States or any state or

territory of the United States, or principle of common law, or any other law, which

governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for

themselves and on behalf of the Class, shall be deemed to waive, and shall waive and

relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of

Section 1542 of the California Civil Code which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
> **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO**
> **EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING**
> **THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST**
> **HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT**
> **WITH THE DEBTOR**

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive

any and all provisions, rights and benefits conferred by any law of any state or territory of

the United States, or principle of common law, or any other law, which is similar,

comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiffs

acknowledge, and the members of the Class by operation of law shall be deemed to have

acknowledged, that they may discover facts in addition to or different from those now

known or believed to be true by them with respect to the Settled Claims, but that it is the

intention of Plaintiffs, and by operation of law the intention of the members of the Class,

to completely, fully, finally and forever compromise, settle, release, discharge,

extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or

unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which

now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

9.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $ 550,000, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

10.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon Court approval of Plaintiffs' counsel's application for an award of attorneys' fees, costs or expenses.

Vice Chancellor Parsons

714889.02-WILSR01A - MSW

# EXHIBIT 9

EFiled:  Jan 25 2011 11:21AM EST
Transaction ID 35557170
Case No. 5402-VCS

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

MARIC CAPITAL MASTER FUND, LTD.,

               Plaintiff,

v.

PLATO LEARNING, INC., THOMA BRAVO, LLC, PROJECT PORSCHE HOLDINGS CORPORATION, PROJECT PORSCHE MERGER CORP., STEPHEN R. BECKER, MATTHEW A. DRAPKIN, SUSAN E. KNIGHT, JOHN G. LEWIS, M. LEE PELTON, ROBERT S. PETERKIN, VINCENT P. RIERA, JOHN T. SANDERS, and DAVID W. SMITH,

               Defendants.

Civil Action No. 5402-VCS

## [PROPOSED] ORDER OF DISMISSAL WITHOUT PREJUDICE AND AWARD OF ATTORNEYS' FEES AND EXPENSES

A hearing having been held before this Court on January 25, 2011, pursuant to this Court's Order dated November 15, 2010 (the "Hearing Order"), filed in the above-captioned action (the "Action"), which (along with the defined terms therein) is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Hearing Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered submissions in support of the proposed dismissal without prejudice (the "Dismissal"); the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Hearing Order;

the Court having determined that notice to the Class was adequate and sufficient; and the entire matter of the proposed Dismissal having been heard and considered by the Court;

**IT IS ORDERED, ADJUDGED AND DECREED THIS 26th DAY OF JANUARY, 2011 AS FOLLOWS:**

1.      The Notice of Proposed Dismissal Without Prejudice of Putative Class Action, Application For Attorneys' Fees and Expenses, Dismissal Hearing, and Right to Appear (the "Notice") has been provided pursuant to and in the manner directed by the Hearing Order; proof of dissemination of notice was filed with the Court; and full opportunity to be heard has been offered to all parties, the Class, and persons in interest. The form and manner of notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of due process, Delaware Court of Chancery Rule 23.

2.      This action shall be dismissed without prejudice, with each party to bear its own costs.

3.      Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the aggregate sum of $750,000 which the Court finds to be fair and reasonable, and which shall be paid by PLATO to Plaintiffs' Counsel.

_____
Vice Chancellor Leo E. Strine, Jr.

# EXHIBIT 10

EFiled:  Mar 23 2012  3:35PM EDT
Transaction ID 43279748
Case No. 6304-VCP

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

|  |  |
|---|---|
| IN RE CELERA CORPORATION SHAREHOLDER LITIGATION | Consolidated<br>Civil Action No. 6304-VCP |

## ORDER AND FINAL JUDGMENT

On this 23rd day of March, 2012, a hearing having been held before this Court on November 18, 2011, to determine whether the terms and conditions of the Stipulation and Agreement of Compromise and Settlement, dated August 2, 2011 (the "Stipulation" or the "Settlement Agreement"), which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement"), are fair, reasonable and adequate for the settlement of all claims asserted in the above-captioned consolidated class action (the "Action"); and whether the Settlement should be approved by this Court and an order and final judgment should be entered in the Action; and the Court having considered all matters submitted to it at the hearing and otherwise, including two objections to the Settlement; and for the reasons stated in the Court's Opinion issued on March 23, 2012;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     This order and final judgment (the "Judgment") incorporates and makes part hereof the Stipulation, including the Exhibits thereto. Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as they have in the Stipulation.

1

2.      The mailing of the Notice of Pendency of Class Action, Proposed Settlement of Class Action and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Scheduling Order on Approval of Class Action Settlement and Class Certification entered on August 15, 2011 (the "Scheduling Order"), which was mailed by first class mail beginning on September 16, 2011 according to the proof of such mailing of the Notice to the Class filed with the Court by counsel for Defendants, is hereby determined to be the best notice practicable under the circumstances and in full compliance with the requirements of Rule 23 of the Rules of the Court of Chancery, due process and applicable law.

3.      The Court finds that the Action shall be permanently maintained as a non-opt out class action, for settlement purposes only, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Rules of the Court of Chancery, and hereby finally certifies the non-opt out Class as consisting of:

> Any and all record holders and beneficial owners of any share(s) of Celera common stock who held such share(s) at any time during the period beginning on and including February 3, 2010, through and including May 17, 2011, but excluding the Defendants.

4.      Based on the record in the Action, the Class satisfies the provisions of Chancery Court Rules 23(a), 23(b)(1) and 23(b)(2). Specifically, the Court finds that the Class satisfies the numerosity requirement of Rule 23(a)(1).  As of February 25, 2011, there were approximately 82.1 million shares of Celera common stock issued and outstanding held by 4,316 holders of record.  There are common issues of fact and law that are sufficient to satisfy Rule 23(a)(2), including whether the disclosures made in the

2

Schedule 14D-9 in connection with the Proposed Transaction were adequate, whether the Defendants breached their fiduciary duties to the Class Members or aided and abetted any such breaches, and whether the plaintiffs in the Action and Class Members were injured as a consequence of Defendants' actions. The claims of the Class Representative are typical of the claims of the other Class Members in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Rule 23(a)(3). The Class Representative and Class Counsel are adequate representatives of the Class and, in connection both the prosecution of this Action as well as the Settlement, have fairly and adequately represented the interests of the Class, and will fairly and adequately represent the interests of the Class, satisfying Rule 23(a)(4). The prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants, and, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other Class Members, satisfying Rule 23(b)(1); and there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

5. The Court, for settlement purposes only, hereby finally certifies Lead Plaintiff New Orleans Employees' Retirement System as Class Representative and finally appoints Co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP, Motley Rice LLC, and Grant & Eisenhofer P.A. as Class Counsel, and finds that they have adequately represented the interests of the Class in the Action.

6.      The Settlement of this Action as provided for in the Stipulation is approved as fair, reasonable and adequate and in the best interests of Plaintiffs and the Class.

7.      The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      This Action is hereby dismissed on the merits and with prejudice, and without costs (except as provided in the Stipulation), in full and final discharge of any and all claims or obligations that were or could have been asserted in the Settling Actions against the Defendants.

9.      Upon the Effective Date, Plaintiffs and any and all Class Members, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, for good and sufficient consideration received, hereby shall be deemed to have, and by operation of this Judgment shall have, fully, completely and forever discharged, dismissed with prejudice on the merits, settled and released (i) any and all of the Defendants, (ii) any person or entity which is or was related to or affiliated with any or all of the Defendants or in which any or all of the Defendants has or had a controlling interest; and (iii) the respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees,

foundations, agents, employees, fiduciaries, partners, partnerships, general or limited

partners or partnerships, joint ventures, member firms, limited liability companies,

corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders,

principals, officers, managers, directors, managing directors, members, managing

members, managing agents, predecessors, predecessors-in-interest, successors,

successors-in-interest, assigns, financial or investment advisors, advisors, consultants,

investment bankers, entities providing any fairness opinion, underwriters, brokers,

dealers, lenders, commercial bankers, attorneys, personal or legal representatives,

accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the

Defendants (collectively, the "Released Parties") of and from any and all manner of

claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts,

expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions,

causes of action, suits, agreements, judgments, decrees, matters, issues and controversies

of any kind, nature or description whatsoever, whether known or unknown, disclosed or

undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen,

matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or

contingent, including Unknown Claims, whether direct, derivative, individual, class,

representative, legal, equitable or of any other type, or in any other capacity, whether

based on state, local, foreign, federal, statutory, regulatory, common or other law or rule

(including, but not limited to, any claims under federal securities laws or state disclosure

law or any claims that could be asserted derivatively on behalf of Celera), (i) that have

been asserted in the Settling Actions by Plaintiffs or any or all other members of the

Class; or (ii) that could have been asserted in the Settling Actions or any court, tribunal, forum or proceeding by Plaintiffs or any or all other members of the Class against any of the Released Parties which arise out of the Class Members' status as stockholders of Celera during any part of the Class Period and which are based upon, arise out of or relate to any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were alleged, asserted, set forth, claimed, embraced, involved, or referred to in the Actions, including, without limitation, any and all claims which are based upon, arise out of or relate to (i) the Proposed Transaction, (ii) any deliberations or negotiations in connection with the Proposed Transaction, including the process of deliberation or negotiation by each of Celera, Quest Diagnostics, and Spark, and any of their respective officers, directors, principals, partners, limited partners, stockholders, members or advisors, (iii) the consideration to be received by Class Members or by any other person or entity in connection with the Proposed Transaction, (iv) the Schedule 14D-9, the Schedule TO, or any other disclosures, public filings, periodic reports, press releases, proxy statements or other statements issued, made available or filed relating, directly or indirectly, to the Proposed Transaction, including claims under the federal securities laws within the exclusive jurisdiction of the federal courts, (v) investments in (including, but not limited to, purchases, sales, exercises of rights with respect to and decisions to hold) securities issued by Celera, Quest Diagnostics, Spark, or any of their respective affiliates related to the Proposed Transaction, (vi) the fiduciary obligations of the Released Parties in

connection with the Proposed Transaction, (vii) the fees, expenses or costs incurred in prosecuting, defending, or settling the Settling Actions, or (viii) any of the allegations in any complaint or amendment(s) thereto filed in the Settling Actions, including in any of their respective constituent actions; provided, however, that the Released Claims shall not include (i) the right to enforce the Settlement; (ii) any claims for statutory appraisal with respect to the merger of Spark with and into Celera by Celera stockholders who properly perfect such appraisal claims and do not otherwise waive their appraisal rights; or (iii) the claims arising under the federal securities laws that have been asserted in the Second Amended Consolidated Complaint for Violation of the Federal Securities Laws filed May 6, 2011 in the action styled *In re Celera Corp. Securities Litigation*, No. 5:10-cv-02604-JW, pending in the United States District Court for the Northern District of California.

10.     Upon the Effective Date, Plaintiffs and any and all other Class Members, and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are hereby permanently barred and enjoined from commencing, instituting, maintaining, prosecuting or asserting in any forum any and all Released Claims against any or all of the Released Parties.

11.     All Class Members shall be and are deemed bound by the Stipulation and this Judgment. This Judgment, including the release of all Released Claims against all

7

Released Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations or other proceedings maintained by or on behalf of, any of the Plaintiffs or any other Class Members, as well as and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns.

12.     Upon the Effective Date, Defendants and all other Released Parties, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, (i) hereby shall be deemed to have and by operation of this Judgment shall have, fully, completely and forever discharged, dismissed with prejudice on the merits, settled and released any and all Released Parties' Claims as against any or all of Plaintiffs, the other Class Members and their respective attorneys, and (ii) are hereby permanently barred and enjoined from commencing, instituting, maintaining, prosecuting or asserting in any forum, any and all Released Parties' Claims against any or all of Plaintiffs, the other Class Members and their respective attorneys.

13.     Neither the Memorandum of Understanding ("MOU"), the Stipulation, nor this Judgment, nor the fact or any terms of the Settlement, is to be considered in this or any other proceeding as evidence, or a presumption, admission or concession by any Party, any signatory thereto or any Released Party, of any fault, liability or wrongdoing whatsoever, or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings. Neither the MOU, the Stipulation nor this Judgment is a finding or evidence of the validity or invalidity of any claims or defenses in the Actions or any wrongdoing by any of the Defendants named therein or any damages or injury to any Plaintiff or Class Member. Neither the MOU, the Stipulation, nor this Judgment, nor any of the terms and provisions thereof, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Actions, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any person or entity, or (iii) otherwise be

9

admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that (x) the Stipulation and/or this Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Stipulation and/or this Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or this Judgment and (y) Plaintiffs and Plaintiffs' Counsel may refer to the final, executed version only of the MOU or Stipulation in connection with the Delaware Fee Application.

14.     Plaintiffs' Counsel in the Settling Actions are hereby awarded attorneys' fees and reimbursement of expenses in the aggregate sum of $1,350,000 in connection with the Settling Actions, which sum the Court finds to be fair and reasonable. Such sums shall be paid solely by Celera or its successor(s)-in-interest or their respective insurer(s) solely pursuant to the provisions of the Stipulation. No counsel representing any of the plaintiffs in the Settling Actions shall make any further or additional application for fees and expenses to the Court or any other court.

15.     Without further order of this Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     If the Settlement is terminated pursuant to the terms of the Stipulation, this Judgment (except for Paragraph 13 hereof) shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith, shall be null and void, and the Parties returned, without prejudice in any way,

to their respective litigation positions immediately prior to the execution of the MOU as provided in Paragraph 23 of the Stipulation.

17.     The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of the Delaware Fee Application.

18.     Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement and this Judgment.

19.     The Register in Chancery is directed to enter and docket this Judgment.


                                              */s/ Donald F. Parsons, Jr.*
                                            Vice Chancellor Donald F. Parsons, Jr.

Dated: March 23, 2012

# EXHIBIT 11

1

2

3

4

5

6

7

8             **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF SANTA CLARA**

10                                                    Case No. 1-14-CV-261747

11                                                    <u>**CLASS ACTION**</u>

12    IN RE SUPERTEX, INC. SHAREHOLDER
      LITIGATION                                      **ORDER AND FINAL JUDGMENT**

13
      This Document Relates to:
14          ALL ACTIONS                               DATE:        September 19, 2014
                                                      TIME:        9:00 a.m.
15                                                    JUDGE:       Honorable Peter H. Kirwan
                                                      DEPT:        1
16

17
                                                      Complaint Filed: March 6, 2014
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                    ORDER AND FINAL JUDGMENT

1         This matter having come before the Superior Court of California for Santa Clara County

2     (the "Court") upon a motion for final approval of the terms of a Stipulation of Settlement (the

3     "Stipulation") dated as of April 23, 2014, made and entered into by: (i) Plaintiffs Bruce Ott,

4     Kathleen Ott, and High Rate Fund Return (collectively "Plaintiffs") (on behalf of themselves

5     and each member of the Class (as defined in paragraph 3 below)) by and through their counsel

6     of record; and (ii) Defendants Henry C. Pao, Benedict C. K. Choy, W. Mark Loveless, Elliott

7     Schlam, Milton Feng (collectively, the "Individual Defendants"), Supertex, Inc. ("Supertex" or

8     the "Company"), Microchip Technology Incorporated and Orchid Acquisition Corporation

9     (collectively "Defendants") (together with Plaintiffs, the "Parties"),   by and through their

10    respective counsel of record; and the Court, having held a hearing, as noticed, on September 19,

11    2014, at 9:00 a.m. (the "Settlement Hearing") to consider the proposed settlement as embodied

12    in the Stipulation (the "Settlement"); and the Court having determined that due and adequate

13    notice has been given in accordance with the Order For Notice and Scheduling of Hearing of

14    Settlement (the "Notice Order") and that such notice was adequate and sufficient, and the

15    Parties having appeared by their attorneys of record; and the attorneys for the respective parties

16    having been heard in support of the Settlement of the Consolidated Action for which the

17    Stipulation provides; and an opportunity to be heard having been given to all other persons

18    desiring to be heard as provided in the Notice; and the entire matter of the Settlement having

19    been heard and considered by the Court;

20    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

21        1.    This Court has jurisdiction over the subject matter of this consolidated action

22    (the "Consolidated Action") and over all parties to the Consolidated Action, including but not

23    limited to, Plaintiffs, all members of the Class (as defined in paragraph 3), and the Defendants.

24        2.    The Court finds that each of the requirements of §382 of the California Code of

25    Civil Procedure has been satisfied, in that (a) the Class (as defined in paragraph 3) is a

26    sufficiently numerous, ascertainable class, (b) there exists a well-defined community of interest,

27    (c) certification of the Class creates substantial benefits to litigants and the courts, (d) there are

28    predominant questions of law or fact common to the members of the Class, (e) the claims or

1

1   defenses of the Class Representatives are typical of the claims or defenses of the Class, and (f)
2   the Class Representatives and their counsel have adequately represented the interests of the
3   Class.

4       3.      Pursuant to §382 of the California Code of Civil Procedure, the Court hereby
5   certifies, for purposes of settlement only, a non-opt out Class consisting of all persons or entities
6   who owned Supertex's common stock on February 7, 2014, and all of their successors in interest
7   and transferees, immediate and remote, through and including April 1, 2014, but not Defendants
8   and persons or entities related to or affiliated with Defendants (the "Class").

9       4.      Plaintiffs Bruce Ott, Kathleen Ott and High Rate Fund Return are hereby
10  certified as the Class Representatives.  The Court finds that the Class Representatives and their
11  counsel have fairly and adequately represented the interests of the Class.

12      5.      Commencing on or about July 18, 2014, the Notice of Pendency and Proposed
13  Settlement of Class Action (the "Notice") was sent to the Class Members pursuant to and in the
14  manner directed by the Notice Order.  A full opportunity to be heard has been afforded to all
15  Parties and Class Members.  The form, content and manner of the Notice is hereby determined to
16  have been the best notice practicable under the circumstances and is due and sufficient notice to
17  the Class Members pursuant to California law and due process, and it is further determined that
18  all Class Members are bound by this Order and Final Judgment.

19      6.      The Court finds that the Settlement set forth in the Stipulation should be
20  approved.  The Court further finds that the Settlement set forth in the Stipulation is the result of
21  arm's-length negotiations between experienced counsel representing the interests of the Class, on
22  the one hand, and the Defendants, on the other hand.  Accordingly, the Stipulation and the terms
23  of the Settlement as described in the Stipulation, and the provisions providing for the resolution
24  of Plaintiffs' Counsel's claims for attorneys' fees and reimbursement for expenses, are hereby
25  approved in their entirety and incorporated in this Order and Final Judgment, pursuant to the
26  requirements of §382 of the California Code of Civil Procedure.  The Parties to the Settlement
27  are hereby directed to consummate the Settlement in accordance with the terms and provisions of
28  the Stipulation.  Plaintiffs, all Class Members and Defendants are hereby bound by the terms of

2

1  the Settlement as set forth in the Stipulation.

2      7.     Without limiting the foregoing, upon the effective date of the Settlement,
3  Plaintiffs and each and every Class Member, for themselves and for any Person claiming now or
4  in the future through or on behalf of them, shall be deemed to have, and by operation of this
5  Judgment shall have, fully, finally, and forever waived, settled, released, relinquished, and
6  discharged all Released Claims (including Unknown Claims) (as both are defined in the
7  Stipulation) and Plaintiffs and the Class Members are hereby permanently barred, enjoined and
8  precluded from commencing, prosecuting or in any way participating in the commencement or
9  prosecution of any action or proceeding asserting any Released Claim against any Released
10  Party.

11      8.     This Order and Final Judgment and the Stipulation, and all papers related thereto,
12  shall not constitute any evidence, or an admission by Plaintiffs, any Class Member, any
13  Defendant or any of the Released Parties, that any acts of wrongdoing have been committed or
14  not been committed and shall not be deemed to create any inference that there is any liability or
15  lack of liability on the part of any of the Released Parties, provided, however, that the Stipulation
16  and Order and Final Judgment may be introduced in any proceeding, whether in the Court or
17  otherwise, as may be necessary to argue and establish that the Stipulation and Order and
18  Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to
19  otherwise consummate or enforce the Settlement and Order and Judgment.

20      9.     If the Stipulation and Settlement do not become final for any reason, the
21  Stipulation, any Class certification and any actions taken or to be taken in connection therewith
22  (including this Order and Final Judgment) shall be terminated and shall become null and void
23  and of no further force and effect to the extent and as provided for in the Stipulation.
24  Additionally, if such event occurs, (a) the Defendants do not waive their argument that no class
25  should be certified; and (b) any preliminary findings by the Court with respect to class
26  certification shall be null and void.

27      10.    The Court reserves jurisdiction, without affecting the finality of this Order and
28  Final Judgment, over the enforcement and administration of the Settlement.

3

ORDER AND FINAL JUDGMENT

1    11.    There being no just reason for delay, the Court hereby directs that this Order and

2  Final Judgment be entered by the Clerk of the Court.

3  DATED:  SEP 2 3 2014

4  _____
   HONORABLE PETER H. KIRWAN

5  SUPERIOR COURT OF CALIFORNIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

ORDER AND FINAL JUDGMENT

# EXHIBIT 12

COPY

RECEIVED
ALAMEDA COUNTY

FEB 2 0 2015

ENDORSED By Lynetta Irvin
FILED
ALAMEDA COUNTY

FEB 27 2015

K. McCoy, Exec. Off./Clerk

1

2

3

4

5

6

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF ALAMEDA**

10

| | |
|---|---|
| FUNDAMENTAL PARTNERS AND MARYANN TREZIOK on Behalf of Themselves and All Others Similarly Situated, | CASE NO. RG14733959 |
| | **CLASS ACTION** |
| Plaintiffs, | **ORDER OF FINAL APPROVAL AND JUDGMENT** |
| v. | DATE:      February 27, 2015 |
| CHARLES C. BAKER, DONALD F. WOOD, ELISABETH DeMARSE, ROBERT C. KAGLE, STANLEY M. KOONCE, JR., GARY A. WETSEL, ZIPREALTY INC., REALOGY HOLDINGS CORP., REALOGY GROUP LLC, and HONEYCOMB ACQUISITION, INC., | TIME:      8:30 a.m. |
| | JUDGE:    Honorable Wynne Carvill |
| | DEPT:      21 |
| | RES. #:    R-10581937 |
| | Date Action Filed:   07/22/14 |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23                                                    BY FAX

24

25

26

27

28

ORDER AND FINAL JUDGMENT

1        This matter having come before the Superior Court of California for Alameda County (the

2  "Court") upon a motion for final approval of the terms of an Amended Stipulation of Settlement

3  (the "Stipulation") dated as of December 9, 2014, made and entered into by: (i) Plaintiffs

4  Fundamental Partners and MaryAnn Treziok ("Plaintiffs"), on behalf of themselves and each

5  member of the Class (as defined in paragraph 3 below), by and through their counsel of record;

6  and (ii) Defendants Charles C. Baker, Donald F. Wood, Elisabeth DeMarse, Robert C. Kagle,

7  Stanley M. Koonce, Jr., Gary A. Wetsel, ZipRealty, Inc. ("ZipRealty" or the "Company"),

8  Realogy Holdings Corp., Realogy Group, LLC, and Honeycomb Acquisition, Inc. (collectively,

9  "Defendants," together with Plaintiffs, the "Parties"), by and through their respective counsel of

10  record; and the Court, having held a hearing, as noticed, on February 27, 2015, at 8:30 a.m. (the

11  "Settlement Hearing") to consider the proposed settlement as embodied in the Stipulation (the

12  "Settlement"); and the Court having determined that due and adequate notice has been given in

13  accordance with the Order For Notice and Scheduling of Hearing of Settlement (the "Notice

14  Order") and that such notice was adequate and sufficient, and the Parties having appeared by their

15  attorneys of record; and the attorneys for the respective parties having been heard in support of

16  the Settlement of the Action for which the Stipulation provides; and an opportunity to be heard

17  having been given to all other persons desiring to be heard as provided in the Notice; and the

18  entire matter of the Settlement having been heard and considered by the Court;

19       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

20       1.    This Court has jurisdiction over the subject matter of this action (the "Action")

21  and over all parties to the Action, including but not limited to, Plaintiffs, all members of the Class

22  (as defined in paragraph 3), and the Defendants.

23       2.    The Court finds that each of the requirements of § 382 of the California Code of

24  Civil Procedure has been satisfied, in that (a) the Class (as defined in paragraph 3) is a

25  sufficiently numerous, ascertainable class, (b) there exists a well-defined community of interest,

26  (c) certification of the Class creates substantial benefits to litigants and the courts, (d) there are

27  predominant questions of law or fact common to the members of the Class, (e) the claims or

28  defenses of the Class Representatives are typical of the claims or defenses of the Settlement

1

1   settlement of Plaintiff's counsel's claim for attorneys' fees and expenses) are hereby approved in

2   their entirety and incorporated in this Order and Final Judgment, pursuant to the requirements of

3   § 382 of the California Code of Civil Procedure.   The Parties to the Settlement are hereby

4   directed to consummate the Settlement in accordance with the terms and provisions of the

5   Stipulation.  Plaintiff, all Class Members and Defendants are hereby bound by the terms of the

6   Settlement as set forth in the Stipulation.

7           7.      The Court approves the Settlement and, pursuant to California Rule of Court

8   3.769(h), reserves jurisdiction, without affecting the finality of this Order and Final Judgment,

9   over the enforcement and administration of the Settlement and this Order and Final Judgment.

10          8.      This Order and Final Judgment and the Stipulation, and all papers related thereto,

11  shall not constitute any evidence, or an admission by Plaintiffs, any Class Member, any

12  Defendant or any of the Released Parties, that any acts of wrongdoing have been committed or

13  not been committed and shall not be deemed to create any inference that there is any liability or

14  lack of liability on the part of any of the Released Parties, provided, however, that the Stipulation

15  and Order and Final Judgment may be introduced in any proceeding, whether in the Court or

16  otherwise, as may be necessary to argue and establish that the Stipulation and Order and

17  Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to

18  otherwise consummate or enforce the Settlement and Order and Judgment.

19          9.      If the Stipulation and Settlement do not become final for any reason, the

20  Stipulation, any class certification and any actions taken or to be taken in connection therewith

21  (including this Order and Final Judgment) shall be terminated and shall become null and void and

22  of no further force and effect to the extent and as provided for in the Stipulation.

23          10.     Judgment is hereby entered in accordance with the foregoing.  There being no just

24  reason for delay, the Court hereby directs that this Order of Final Approval and Judgment be

25  entered by the Clerk of the Court.

26  DATED: _Feb. 27, 2015_

27                                          _____

28                                          HONORABLE WYNNE S. CARVILL
                                            SUPERIOR COURT OF CALIFORNIA

3

ORDER AND FINAL JUDGMENT

# EXHIBIT 13

*19*

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT

| | |
|---|---|
| ATOLL ADVISORS, on behalf of itself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GREGORY A SERRAO, FAY DONOHUE, ROBERT E. HUNTER, D.M.D., DAVID E. MILBRATH, D.D.S., GERARD M. MOUFFLET, LONNIE H. NORRIS, D.M.D., M.P.H. , DERRIL W. REEVES, STEVEN J. SEMMELMAYER, AMERICAN DENTAL PARTNERS, INC.,  JLL PARTNERS, INC., JLL CROWN HOLDINGS, LLC, AND JLL CROWN MERGER SUB, INC.,<br><br>*Defendants.* | Civil Action No. 11-4425 |
| JOHN CHEW, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN DENTAL PARTNERS, INC., JLL PARTNERS, INC., JLL CROWN HOLDINGS, LLC, JLL CROWN MERGER SUB, INC., GREGORY A SERRAO, FAY DONOHUE, ROBERT E. HUNTER, D.M.D., DAVID E. MILBRATH, D.D.S., LONNIE H. NORRIS, D.M.D., M.P.H. , DERRIL W. REEVES AND STEVEN J. SEMMELMAYER,<br><br>*Defendants.* | Civil Action No. 11-4489 |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

WHEREAS, the Notice and Scheduling Order also set July 19, 2012, at 9:00 a.m. as the date for a hearing (the "Settlement Hearing") to consider whether the Court should grant final approval to the proposed Settlement; and

WHEREAS, the Settlement Hearing was held on July 19, 2012, at 9:00 a.m., and all interested Persons were given an opportunity to be heard, and the parties appeared by their attorneys of record; and the attorneys for the respective parties were heard in support of the Settlement of the Actions for which the Stipulation provides therein; and an opportunity to be heard, or otherwise object, was given to all other Persons desiring to be heard as provided in the Notice of Pendency and Proposed Settlement of Class Actions and Hearing on Proposed Settlement (the "Notice") approved in form and content in the Notice and Scheduling Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court has jurisdiction over the subject matter of the Actions and, for the purposes of the Settlement of the Actions only, over all parties to the Actions, including but not limited to, Plaintiffs, all Class Members, and the Defendants.

2.      Except for terms defined herein (with the definitions to be applicable to both the singular and the plural forms of each term defined if both such forms of such term are used herein), the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

3.      The Notice was provided to the Class pursuant to and in the manner directed by the Notice and Scheduling Order; proof of the mailing of the Notice has been filed with the Court; and a full opportunity to be heard has been offered to all settling parties, the Settlement Class, and Persons in interest.   The form and manner of distribution of the Notice is hereby

determined to have been the best notice practicable under the circumstances, to fully satisfy the requirements of Rule 23 of the Massachusetts Rule of Civil Procedure, due process and applicable law, and to constitute due and sufficient notice to the Class Members, and it is further determined that all Class Members and their respective heirs, executors, administrators, estates, representatives, agents, predecessors and predecessors in interest, successors and successors in interest, transferees and assigns are bound by this Order and Final Judgment.

4.      The Court finds that each of the requirements of Rule 23 of the Massachusetts Rule of Civil Procedure has been satisfied with respect to certification of a class for settlement purposes, in that (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (d) the representative parties will fairly and adequately protect the interests of the class, (e) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      The Actions are hereby certified, for purposes of the Settlement only, as a non-opt-out class action pursuant to Rule 23 of the Massachusetts Rule of Civil Procedure, on behalf of the Class.

6.      Plaintiff John Chew is hereby certified as the settlement class representative (the "Class Representative"). The Court finds that the Class Representative and his counsel have fairly and adequately represented the interests of the Class.

7.      The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Class, and should be approved.

Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety, pursuant to Rule 23 of the Massachusetts Rule of Civil Procedure. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Plaintiffs, all Class Members and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation. The Actions are hereby dismissed as against all Defendants on the merits and with prejudice and without court costs to any party as against any other party, except as otherwise agreed in the Stipulation.

8.    Any and all claims, demands, rights, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured (including, but not limited to, any claims arising under federal or state or other law, including claims relating to alleged fraud, breach of any duty or contract, negligence or violations of the federal or state securities laws, breach any certificate of incorporation or bylaws of ADPI, and/or claims that in any way relate to or have been or could have been asserted or in the future might be asserted in the Actions or in any court, tribunal or other proceeding) by or on behalf of Plaintiffs in the Actions or by any and all of the members of the Class (collectively, the "Releasing Parties"), whether individual, class, direct, derivative, representative, legal, equitable or any other type or in any other capacity against any and all Defendants, and/or any of their family members, parent entities, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, insurers, heirs,

5

executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns as well as any counsel in the Actions (collectively, the "Released Persons") which the Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related, directly or indirectly to the Actions, the Merger, the Merger Agreement, any disclosures made in connection with the Merger, including without limitation in the Preliminary Proxy, the Definitive Proxy and their exhibits (or any amendments thereto), any deliberations or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of the parties to the Merger Agreement and related agreements and documents, the consideration received by Class members in connection with the Merger, or in connection with any of the foregoing (collectively, the "Settled Claims") are hereby completely discharged, dismissed with prejudice on the merits, settled,  released and enjoined; provided, however, that the Settled Claims shall not include (i) claims to enforce the Stipulation or the Settlement and ii) claims that any Defendant may have against any insurance carrier; and further provided that the Settled Claims shall not include any properly perfected claims by ADPI stockholders for statutory appraisal in connection with the Merger as provided for in the Merger Agreement.

9.     The Releasing Parties are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any

Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons.

10.     The Released Persons release Plaintiffs, all members of the Class and Plaintiffs' Counsel from any and all claims, including unknown claims, against them arising out of or pertaining to the initiation, prosecution and resolution of the Actions ("Defendants' Claims").

11.     The releases described above include claims that the parties providing such releases do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or object or not object to the Settlement, and the parties providing the releases described above are deemed to have, and by operation of this Order and Final Judgment shall have, waived their rights, to the full extent permitted by federal law, state law, foreign law or principles of common law, that may have the effect of limiting such releases, including a waiver of all rights, provisions, and benefits conferred by Section 1542 of the California Civil Code and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542.

12.     Plaintiffs' Counsel are hereby awarded attorney's fees in the sum of $600,000 in connection with the Actions, which sum the Court finds to be fair and reasonable.  Such sum shall be paid pursuant to the provisions of the Stipulation.

13.     This Order and Final Judgment shall not constitute any evidence, or an admission by any of the Released Persons, that any acts of wrongdoing have been committed or not been committed and shall not be deemed to create any inference that there is any liability or lack of liability on the part of any of the Released Persons..

14.     The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over the enforcement, effectuation and administration of the Settlement.

15.    The Actions are dismissed with prejudice on the merits as to all Defendants.

16.    There being no just reason for delay, the Court hereby directs that this Order and Final Judgment be entered by the Clerk of the Court.

17.    In the event that the Effective Date of the Settlement does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order and Final Judgment shall be vacated.  In such event, all orders entered in connection with the Stipulation shall be void, and the Class shall be decertified.  In such event, the Actions shall return to their status prior to execution of the Stipulation.

Dated:  7/19/17

THE HONORABLE BRUCE R. HENRY