## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACUSETTS

|  |  |
|---|---|
| ) | Civil Action No. 1:14-cv-12949-LTS |
| IN RE COVIDIEN PLC SECURITIES ) | CLASS ACTION |
| LITIGATION ) | |
| ) | Consolidated Shareholder Litigation |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on _Sept. 21,_ , 2015, pursuant to

this Court's Order for Notice and Scheduling of Hearing on Settlement dated _May 19, 2015 and May 21,_

2015 (the "Scheduling Order"), and upon a Stipulation of Settlement and Release dated May 15,   _2015_

2015 (the "Stipulation")[1] filed in the above-captioned action (the "Consolidated Action"), which

is incorporated herein by reference; it appearing that due notice of such hearing has been given in

accordance with the Scheduling Order; the respective parties to the Stipulation having appeared

by their attorneys of record; this Court having heard and considered evidence in support of the

proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the

respective parties to the Stipulation having been heard; an opportunity to be heard having been

given to all other persons requesting to be heard in accordance with the Scheduling Order; this

Court having determined that notice to the Class was adequate and sufficient; and the entire

matter of the proposed Settlement having been heard and considered by this Court:

**IT IS ORDERED, ADJUDGED, AND DECREED THIS _22nd_ DAY OF _September_**

**2015, AS FOLLOWS:**

1.      The Notice of Pendency of Class Action, Proposed Settlement of Class

Action, and Settlement Hearing (the "Notice") has been provided pursuant to and in the manner

directed by the Scheduling Order; proof of dissemination of the Notice was filed with the Court;

---

[1]      Except as otherwise expressly defined herein, all capitalized terms shall have the same
definitions as set forth in the Stipulation.

and full opportunity to be heard has been offered to all parties, the Class, and persons in interest.

The form and manner of the Notice is hereby determined to have been the best notice practicable

under the circumstances and to have been given in full compliance with each of the requirements

of due process, Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation

Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, and all other applicable laws and rules. It is

further determined that all members of the Class are bound by this Order and Final Judgment.

2.      Defendants have filed a Declaration of Compliance with the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the

settlement to the Attorney General of the United States of America and the attorneys general of

all 50 states, the District of Columbia, American Samoa, Guam, the Northern Mariana Islands,

Puerto Rico, and the Virgin Islands pursuant to 28 U.S.C. § 1715(b). The notice contains the

documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that

Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

3.      The Court hereby certifies the Consolidated Action as a non-opt-out class

action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. The Class

consists of any and all persons and entities who held shares of Covidien common stock, either of

record or beneficially, at any time between June 14, 2014 (the date the Covidien Board of

Directors approved the Transaction) and January 26, 2015 (the date of the consummation of the

Transaction), including any and all of their respective successors in interest, predecessors,

representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and

remote, and any person or entity acting for or on behalf of, or claiming under any of them, other

than the Defendants, their subsidiary companies, affiliates, assigns, and members of their

immediate families, as the case may be (the "Class").

4.      The Class satisfies the requirements of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, in that (a) the Class is so numerous that joinder of all members thereof is impracticable, (b) there are questions of law and fact common to the Class, (c) the claims of the Plaintiffs are typical of the claims of the Class, (d) Plaintiffs will have adequately represented the interest of the Class, (e) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class, and (f) Defendants are alleged to have acted or refused to act on grounds generally applicable to the Class.

5.      Plaintiff the Rosenfeld Family Foundation is finally appointed and certified as representative for the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The law firms of WeissLaw LLP and Levi & Korsinsky LLP are finally appointed as Co-Lead Counsel for the Class, and the law firm of Block & Leviton LLP is finally appointed as Liaison Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds that the Class representative and the Class counsel have fairly and adequately protected and represented the interests of the Class in connection with the prosecution of the Consolidated Action and in the Settlement.

6.      This Court has jurisdiction over the subject matter of the Consolidated Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment, and over all parties to the Consolidated Action.

7.      The Settlement is found to be fair, reasonable, and adequate and in the best interests of the Class, and is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The parties to the Stipulation are hereby authorized and directed to comply

with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

8.      The Consolidated Action is hereby dismissed with prejudice in its entirety as to Defendants and against Plaintiffs and all other Class members and without costs, except with regard to any award of attorneys' fees and expenses set forth in Paragraph 13 below.

9.      As provided for in the Stipulation, the Court hereby finally and forever bars, settles, extinguishes, discharges, and releases any and all manner of claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, amounts, duties, suits, costs, expenses, matters and issues, known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims (as defined below), that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class (collectively, the "Releasing Persons"), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, against Defendants (or any Defendant), or any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, executives, shareholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators,

-4-

predecessors, successors, and assigns (collectively, the "Released Persons") which have arisen,

could have arisen, arise now, or hereafter may arise out of or relate in any manner to the

allegations, facts, events, matters, transactions, acts, occurrences, statements, representations,

misrepresentations, omissions or any other matter, thing or cause, whatsoever, or any series

thereof, embraced, involved, set forth in or otherwise related, directly or indirectly, to the

Consolidated Action or the *Cobb* Action, the Transaction, the negotiation or consideration of the

Transaction or any agreements or disclosures relating thereto, the Transaction Agreement, or any

registration statement, preliminary or definitive prospectus and/or proxy statement (joint or

otherwise) filed or distributed to shareholders in connection with the Transaction (including,

without limitation, the Preliminary Proxy Statement, the amendments thereto, and the Definitive

Proxy Statement), including, without limitation, any disclosures, non-disclosures or public

statements made in connection with any of the foregoing (collectively, the "Released Claims");

provided, however, that the Released Claims shall not include: (i) the claims currently asserted in

*In re Medtronic, Inc. Stockholder Litigation*, 27-CV-14-11452, in the District Court, Fourth

Judicial District of Hennepin Count, Minnesota; (ii) the claims asserted in *In re Medtronic, Inc.*

*Derivative Litigation*, 14-cv-3540, in the United States District Court for the District of

Minnesota, prior to the dismissal without prejudice of that action; or (iii) any claims to enforce

the Settlement.

10.     Defendants shall be deemed to have, and by operation of this Order and

Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged

Plaintiffs and Plaintiffs' Counsel from all claims or sanctions (including Unknown Claims)

arising out of, relating to, or in connection with, the institution, prosecution, assertion,

settlement, or resolution of the Consolidated Action or the Released Claims (collectively,

"Defendants' Released Claims").

-5-

Case 1:14-cv-12949-LTS   Document 48-1   Filed 08/31/15   Page 6 of 9

11.    The Released Claims and Defendants' Released Claims include Unknown Claims. "Unknown Claims" means any claim that a Releasing Person does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Persons, including without limitation those that, if known, might have affected the decision to enter into the Settlement, and any claim that a Defendant does not know or suspect exists in his, her, or its favor at the time of the release of the Defendants' Released Claims as against Plaintiffs and Plaintiffs' Counsel, including without limitation those that, if known, might have affected the decision to enter into the Settlement.  With respect to any and all of the Released Claims or Defendants' Released Claims, including any and all Unknown Claims, the Releasing Persons and Defendants are deemed to waive, and have waived and relinquished to the fullest extent permitted by law of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable, or equivalent provision in any jurisdiction), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Court finds that Plaintiffs have, on their own behalves and on behalf of the Class and the Releasing Persons, acknowledged that they, Plaintiffs' Counsel, the Releasing Persons and the members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class and the Releasing Persons, to fully, finally, and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist or heretofore existed or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  Plaintiffs' Counsel, Plaintiffs, and the other parties to the Stipulation acknowledge, and the members of the Class and

the Releasing Persons by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

12.     The Releasing Persons are hereby permanently barred and enjoined from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal equitable, or in any other capacity, asserting any of the Released Claims against any of the Released Persons, except those proceedings necessary to the dismissal with prejudice of the *Cobb* Action.

13.     The Court orders that Covidien (or its assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants) shall pay, or cause to be paid, the sum of $540,000.00 in attorneys' fees, costs and expenses in accordance with, and subject to the terms and conditions of, ¶¶18-22 of the Stipulation.

14.     Covidien or its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Director Defendants shall pay the fees, costs and expenses awarded to Plaintiffs' Counsel, on behalf of all Defendants, within ten (10) business days after the later of (1) the date of this Order and Final Judgment, notwithstanding the existence of any timely-filed objections to the Settlement or to the fees and expenses awarded, or potential appeal from such objections, or collateral attack on the Settlement or any part thereof or (2) the dismissal with prejudice of the *Cobb* Action with no further proceedings having occurred in that action and otherwise in accordance with, and subject to the terms and conditions of, ¶¶18-22 of the Stipulation. Such payment shall be subject to the joint and several obligation of Plaintiffs' Counsel to refund,

-7-

within ten (10) business days, all amounts received and any interest accrued or accumulated thereon, if and when, as a result of any appeal, or successful collateral proceeding, the fee, cost or expense award is reduced or reversed or if the award order does not become final, if the Settlement itself is voided by any party as provided in the Stipulation, or if the approval of the Settlement is later reversed by any court.

15.     Co-Lead Counsel, jointly and in its sole discretion, shall determine the allocation among Plaintiffs' Counsel of any attorneys' fees, costs, and expenses approved by the Court and paid by Defendants. Defendants shall have no responsibility for allocation or distribution of the fees and expenses award among Plaintiffs' Counsel.   Except as provided herein, the Released Persons shall bear no other expenses, costs, damages, or fees alleged or incurred by Plaintiffs, or by any of their attorneys, experts, advisors, agents or representatives.

16.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees, costs, and expenses.

17.     Neither the MOU, the Stipulation, the Settlement, this Order and Final Judgment, nor any of their terms and provisions, nor any of the negotiations, discussions, and proceedings in connection with the Settlement, shall be deemed, construed as, or constitute a presumption, concession, or an admission by (i) any Defendant in the Consolidated Action of any fault, liability, damages, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Action or any other actions or proceedings, or (ii) any Plaintiff that the claims asserted in the Consolidated Action lack merit.   The provisions contained in the MOU and this Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Consolidated Action or in any other action or proceeding,

-8-

whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement or to effectuate the releases or dismissal with prejudice contained herein.

18.     Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Stipulation, the Settlement, or this Order and Final Judgment. Notwithstanding paragraph 17 herein, any of the Released Parties or Plaintiffs may file, cite, and/or refer to the Stipulation, the facts and terms of the Settlement, and this Order and Final Judgment in any other action, proceeding or forum in order to effectuate the release and other liability protections provided thereby, or to support a defense or counterclaim that the Settlement has *res judicata*, collateral estoppel, or other issue or claim preclusion effect.

19.     The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Consolidated Action.

20.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation, the Settlement, and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

The Honorable Leo T. Sorokin
U. S. D.J.

-9-